FILED stamp in upper right

FILED
2018 May-15 PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAORI SCHERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-00125-UJB-KOB |
| ) | |
| CREDIT BUREAU SYSTEMS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant the Water Works Board of the City of Birmingham's "Motion to Dismiss." (Doc. 9). Plaintiff Scherer alleges various state law claims against the Board arising out of a delinquent account that the Board deemed to belong to Ms. Scherer, which it ultimately turned over for collections. The Board has filed this motion to dismiss on the sole basis that Alabama's statute of limitations bars Ms. Scherer's claims against it. As explained below, the court concludes that the Board's motion to dismiss is due to be DENIED.

I.     FACTUAL BACKGROUND

As alleged in the Complaint, Plaintiff Kaori Scherer purchased a home in Vestavia, Alabama in June 2014. Upon purchasing the home, Ms. Scherer opened

1

an account for water and sewer services for the property with the Defendant Birmingham Water Works Board. That account was the first and only account Ms. Scherer opened with the Board for that particular property. She always paid her monthly bill and never owed any past due amount on the account.

However, sometime after purchasing the home, Defendant Credit Bureau Systems, Inc. began collection activities against Ms. Scherer for a water and sewer services account that Ms. Scherer contends did not belong to her. The debt was for a past-due amount of $46.00 on a second account on the same property, which Ms. Scherer alleges the Board incorrectly attributed to her name. The collection activities included reporting the alleged debt on Ms. Scherer's credit file with Defendants Equifax and Experian Information Services. The Board contends that this second account became delinquent in April 2014—approximately two months before Ms. Scherer purchased the property or opened any account pertaining to that property.

Ms. Scherer made various attempts to dispute the alleged delinquency with the Board, CBS, and Defendants Equifax and Experian Information Services. The last dispute in which Plaintiff asked Equifax for the removal of the alleged debt was April 5, 2017. Despite Ms. Scherer's efforts, the Board and Credit Bureau Systems did not cease their attempts to collect on the debt.

Unable to convince the Board that the second account did not belong to her, or to cease its collections efforts, Ms. Scherer filed her claims against the Board and the other Defendants on January 24, 2018. Her claims against the Board include negligent, reckless, and wanton debt collection activities; and negligent, reckless, and wanton training and supervision. She also asserts the Board is vicariously liable for the improper collection activities of Defendant CBS.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or

conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. ANALYSIS

The sole issue before the court is whether Alabama's statute of limitations bars Ms. Scherer's claims against the Board. The court first recognizes that "[a] statute of limitations bar is an affirmative defense, and . . . plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted). Also, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is

time-barred." *Id.* (internal quotation marks omitted). Therefore, a statute of limitations defense is "generally not appropriate for evaluation on a motion to dismiss pursuant to Rule 12(b)(6.)" *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 1210, 1213 (S.D. Ala. 2008).

Because this court sits in diversity, Alabama substantive law, including the statute of limitations, governs these proceedings. *See Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1251 n.2 (11th Cir. 2015). Alabama law provides a two-year statute of limitations for claims of negligence, wantonness, and vicarious liability. Ala. Code § 6-2-38(l), (n). The limitations period begins at the time the action "accrues." *Booker v. United Am. Ins. Co.*, 700 So. 2d 1333, 1339 (Ala. 1997).

In Alabama, the statute of limitations commences "on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury." *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala. 1992) (citing *Brotherhood of Locomotive Firemen & Enginemen v. Hammett*, 140 So. 2d 832 (1962)). Therefore, a defendant may take a particular action that eventually injures the plaintiff, but the plaintiff's cause of action does not accrue until the injury occurs.

Ms. Scherer filed this suit on January 24, 2018. Therefore, to establish at this stage of litigation that her claims are untimely, the Board must show that it is

apparent from the face of Ms. Scherer's complaint that her claims accrued before January 24, 2016. Adding further difficulty to the Board's burden is the fact that the court must construe the pleadings broadly and resolve inferences in Ms. Scherer's favor at the motion to dismiss stage. *See Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

Ms. Scherer's claims are simple. She alleges that the Board erroneously placed her name on a delinquent water and sewer services account, and then turned that account over for collections. As a result, she endured the painful process of the Defendants' collection efforts, disputing the allegedly inaccurate allegations, and the consequences of having the debt reflected on her credit file with the consumer credit reporting agencies. For her injuries, Ms. Scherer claims that the "inaccurate information published by the Defendant Equifax negatively reflected on Plaintiff, her financial responsibility as a debtor, her credit worthiness, and was published to third-parties." (Doc. 1 at 5). She also claims she "suffered physical damage, worry, anxiety, nervousness, and mental anguish." (*Id.* at 5).

As noted above, to be timely, Ms. Scherer's claims against the Board must have accrued less than two years before she filed this action on January 24, 2016. And, her claims "accrued" on the first date on which she could have maintained a cause of action against the Board. Therefore, the timeliness of her claims turns on

the question of when she first suffered a legal injury. The parties dispute when exactly that alleged injury occurred.

The Board urges that Ms. Scherer's alleged injury occurred when her account became delinquent, in April 2014. If the Board is correct, then Ms. Scherer's claims are clearly barred as untimely because they would have been nearly four years old at the time she filed this suit. However, unless it is apparent on the face of the complaint that Ms. Scherer's injury occurred in April 2014, or any time before January 24, 2016, then the court must deny the Board's motion.

The Board has provided no authority supporting its proposition that simply declaring an account delinquent amounts to a legal injury, and in the absence of such authority, the court disagrees. Although frustrating and annoying to Ms. Scherer, the Board's declaration that an account in Ms. Scherer's name was delinquent did "not itself constitute a legal injury at the time, but the plaintiff's injury [came] only as a result of, and in furtherance and subsequent development of" that declaration. *Smith v. Medtronic, Inc.*, 607 So. 2d 156, 159 (Ala.1992). In such cases, "the cause of action 'accrues,' and the statutory period of limitations begins to run, when, and only when, the damages are sustained." *Id.*

Moreover, Ms. Scherer's complaint does not purport to hold the Board liable for simply declaring delinquent an account that did not belong to her. If that were

7

her case, the Board would have a more compelling argument at this stage. However, Ms. Scherer is suing the Board for its subsequent efforts to improperly *collect* the unpaid debt from her. Thus, the alleged injury occurred at some point *after* the Board determined the account was delinquent, and began its efforts to hold her responsible for that debt.

Ms. Scherer argues in her response to the Board's motion to dismiss that she suffered no legal injury until the Board began collection efforts against her in 2016—a date that is not found in her complaint. Her complaint states that Defendant CBS, the Board's collection agency, reported the alleged debt of $46.00 to the credit reporting agencies "at some point" after Ms. Scherer purchased the property in June 2016. (Doc. 1 at 3). Discovery may reveal that the Defendants' collection efforts began—and, therefore, any legal injury must have occurred—more than two years prior to this suit. However, taking the facts of the complaint as true, the Defendants' collection efforts must have begun at some point between April 2014 (when the account became delinquent) and April 2017 (when Ms. Scherer last disputed the issue with Equifax). Given that window, the face of the complaint does not reveal that Ms. Scherer's claims necessarily accrued before January 24, 2016.

The court also disagrees with the Board's contention that Ms. Scherer's claims should be dismissed "because she alleges no other specific dates that she disputed such debt to [the Board] or its collection agent, other than the vague allegations that it was '*sometime after*' she purchased the property." (Doc. 9 at 3) (emphasis in original). While a specific date would be helpful in determining when the alleged injury occurred, Ms. Scherer's failure to include one does not invite dismissal at this stage. As noted above, a plaintiff is not required "to negate an affirmative defense in [her] complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted). Also, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Id.* (internal quotation marks omitted). A plaintiff has a low bar to clear to survive a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is why "a statute of limitations defense is generally not appropriate for evaluation on a motion to dismiss pursuant to Rule 12(b)(6)." *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 1210, 1213 (S.D. Ala. 2008).

The Board has failed to establish that Ms. Scherer's alleged injury forming the basis of this action occurred more than two years before she filed this suit. Consequently, the court cannot find that the complaint demonstrates that Ms.

Scherer's claims are untimely. Although the court recognizes that discovery could ultimately reveal otherwise, that determination is reserved for the summary judgment stage.

## IV.    CONCLUSION

For the reasons explained above, the court finds that the Board has failed to show that Ms. Scherer's claims against it are untimely on the face of her complaint. Therefore, the court will **DENY** the Board's motion. The court will enter a separate order consistent with this Memorandum Opinion.

**DONE** this 15th day of May, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE