UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KAORI SCHERER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No. 2:18-cv-00125-ACA** |
| | ) |
| **CREDIT BUREAU SYSTEMS INC, et al.,** | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

## AMENDED SCHEDULING ORDER

The court amends the scheduling order (Doc. 24) as follows:

**1.**    **Dispositive Motions:** All potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than **January 30, 2019**.

Briefs in support of dispositive motions must be filed **within one business day** of the filing of the dispositive motion and evidentiary submissions. **All briefs filed in support of or opposition to dispositive motions must contain citations to the evidentiary record by CM/ECF document and page number.** To the extent that a party responding to a dispositive motion relies on evidence to oppose the motion that is not included in the moving party's evidentiary submission, the responding party's opposition brief must be filed within one business day of the filing of the responding party's evidentiary submission.

The parties must file and brief all dispositive motions consistent with Appendix II which is attached to the court's amended initial order.

The court recognizes that Appendix II addresses only motions for summary judgment. If the parties file a dispositive motion other than one for

summary judgment, the parties must comply with Appendix II to the extent practicable.

2. **Mediation:**  Unless a party objects, the court will enter an order referring the parties to mediation and setting a deadline by which mediation must occur.  Objections to mediation should be included in the joint status report as described in section 3 below.

   As a general rule, if the court refers the case to mediation, the court will not stay discovery and dispositive motion deadlines.  The court has extended the deadline for dispositive motions in contemplation of mediation.

3. **Joint Status Report:**  The parties shall file a joint status report on or before **October 23, 2018**.

   The status report should state whether the parties object to mediation and include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial.  Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues.  The status report should not be used to argue the party's case, or to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation, including the status of critical discovery.

4. **Status Conference:**  If the parties object to mediation in the joint status report, the court will set the case for a status conference approximately two weeks after the submission of the joint status report.  If the parties do not object to mediation and the court refers them to mediation, the parties must submit, within a week of the completion of mediation, a joint status report informing the court whether mediation was successful.  If mediation is not successful, the court will set a status conference by separate order.

   Additional conferences, including a pretrial conference, will be scheduled as needed by separate order.  Due dates for lists of trial witnesses, exhibits, and objections under Federal Rule of Civil Procedure 26(a)(3) shall be established in a separate pretrial order.

All other unexpired deadlines established in Doc. 24 remain operative.

**DONE** and **ORDERED** this July 17, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE