# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KAORI SCHERER,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )   18-CV-00125-ACA |
| | ) |
| **CREDIT BUREAU SYSTEMS,** | )   **JURY TRIAL DEMANDED** |
| **INC.; EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC; THE WATER** | ) |
| **WORKS BOARD OF THE CITY** | ) |
| **OF BIRMINGHAM,** | ) |
| | ) |
| DEFENDANTS. | |

## PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Kaori Scherer, by and through the undersigned counsel, and for her complaint states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Madison County, and is over the age of twenty-one (21) years.

3. The Defendant, Credit Bureau Systems, Inc. d/b/a as CBS Collection Division (hereinafter "CBS"), is a domestic entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.

4. The Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times done business in this district. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

5. The Defendant, Water Works Board of the City of Birmingham (hereinafter "BWWB"), is a domestic non-profit entity doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.

6. Upon information and belief, the Defendant Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

7. Upon information and belief the Defendant Equifax disburses consumer reports to third parties for monetary compensation.

8. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. In or around April 2014, Plaintiff contacted BWWB via telephone and established water service at 2972 Green Valley Road Vestavia, AL 35243 so that she could inspect the property.

10. BWWB established water service at 2972 Green Valley Road Vestavia, AL 35243.

11. In or around June 2014, Plaintiff became the owner of real property located at 2972 Green Valley Road Vestavia, AL 35243.

12. In the time Plaintiff had an account with BWWB for the real property, she paid every invoice received from BWWB, was always current on her account with BWWB, and was never late for a payment.

13. Even though she was always current, BWWB sent Plaintiff's account, or another account allegedly owed by Plaintiff affiliated with the property, to Defendant CBS for collection.

14. In June 2016, Defendant CBS began collection activities against Plaintiff for an alleged debt of forty-six dollars ($46.00) owed to BWWB with a delinquency date of April 2014 by reporting the alleged debt on Plaintiff's credit file with the credit reporting agencies.

15. Defendant Equifax stated in her credit file, "A collection is an account that has been turned over to a collection agency by one of your creditors because they believe the account has not been paid as agreed."

16. This alleged debt was, upon information and belief, incurred for personal or household purposes.

17. These collection activities included reporting the alleged debt on Plaintiff's credit file with Defendant Equifax and Experian Information Services, Inc.

18. Plaintiff unsuccessfully disputed the debt through CBS and the BWWB on several occasions but the entities continued collection efforts.

19. Defendant CBS did not report the debt as disputed to Defendant Equifax.

20. Plaintiff also disputed the debt several times through the Defendant Equifax and Experian Information Services, Inc.

21. On or about October 20, 2016, Plaintiff applied for financing with IberiaBank and IberiaBank accessed Plaintiff's credit file which included the inaccurate and disputed CBS information.

22. The agent of IberiaBank stated to Plaintiff that the CBS debt needed to be fixed and would not help her interest rates.

23. After applying with IberiaBank, Plaintiff applied with Avadian Credit Union and Avadian Credit Union accessed Plaintiff's credit file which included the inaccurate and disputed CBS information.

24. The last dispute in which Plaintiff asked Equifax for the removal of the alleged CBS debt was April 5, 2017. In the dispute, explained that she paid her BWWB "on time every month" she lived there.

25. In addition, Plaintiff explained that the number listed by Defendant Equifax on her credit report for Defendant CBS had been disconnected.

26. Defendant Equifax purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about April 26, 2017.

27. Defendant Equifax did not remove or correct the information on Plaintiff's Experian report for the alleged BWWB debt being collected by CBS.

28. Defendant Equifax also stated that if Plaintiff had any additional questions about the item, she should contact Defendant CBS at the number Plaintiff had already informed Equifax had been disconnected.

29. The inaccurate information published by the Defendant Equifax negatively reflected on Plaintiff, her financial responsibility as a debtor, her credit worthiness, and was published to third-parties.

**COUNT ONE**
**NEGLIGENCE AGAINST THE DEFENDANT CBS AND BWWB**

30. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. Defendants CBS and BWWB knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

32. Defendants CBS and BWWB knew or should have known that said conduct was improper.

33. Defendants CBS and BWWB negligently failed to prevent and/or participated in improper collection activities.

34. As a result of the Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANTS CBS AND BWWB

35. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36. Defendants CBS and BWWB knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. Defendants CBS and BWWB knew or should have known that said conduct was improper.

38. Defendants CBS and BWWB recklessly and wantonly failed to prevent and/or participated in improper collection activities.

6

39.     As a result of the Defendants' reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION AGAINST THE DEFENDANTS CBS AND BWWB

40.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41.     The Defendants CBS and BWWB knew or should have known the status of the paid in full account and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

42.     The Defendants CBS and BWWB knew or should have known that said conduct was improper.

43.     The Defendants CBS and BWWB negligently failed to train and supervise collectors in order to prevent said improper conduct.

44.     The Defendants CBS and BWWB negligently failed to train and supervise collectors on applying funds in consumer's accounts.

45.     As a result of the Defendants' negligence, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## RECKLESS AND WANTON TRAINING AND SUPERVISION AGAINST THE DEFENDANTS CBS AND BWWB

46.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

47.     The Defendants CBS and BWWB knew or should have known the status of the paid in full account and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

48.     The Defendants CBS and BWWB knew or should have known that said conduct was improper.

49.     The Defendants CBS and BWWB recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

50.     The Defendants BWWB recklessly and wantonly failed to train and supervise collectors on applying funds to consumer's accounts.

51.     As a result of the Defendants' recklessly and wanton conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST THE DEFENDANT EQUIFAX

52.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

53.     The Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy

in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

54. The Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to the furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

55. As a result of this wrongful conduct, action and inaction of the Defendant Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

56. The Defendant Equifax's conduct was willful, rendering this Defendant liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

57. The Plaintiff is entitled to recover costs and attorney's fees from the Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT SIX
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST DEFENDANT CBS

58. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

59. Defendant CBS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s- 2(b) by continuing to publish to the Defendant CRA inaccurate information regarding status of an account; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to the Defendant CRA; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Defendant CBS representations to the consumer reporting agencies.

60. After receiving notification from the Defendant CRA about Plaintiff's disputed account, Defendant CBS did not contact any third parties other than the Defendant CRA when investigating Plaintiff's dispute.

61. As a result of Defendant CBS's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

62. Defendant CBS's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant CBS was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover costs and attorney's fees from Defendant CBS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN
## FAIR DEBT COLLECTION PRACTICES ACT AGAINST THE DEFENDANT CBS

64. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

65. The Defendant CBS has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

66. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT EIGHT

## VICARIOUS LIABILITY CLAIM AGAINST THE DEFENDANT BWWB

67. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

68. Defendant CBS was under the control of Defendant BWWB at the time of the collection activities against Plaintiff.

69. Defendant CBS was acting within the course and scope of its agreement with Defendant BWWB at the time of improper collection activities.

70. Defendant BWWB is liable for the improper acts of Defendant CBS pursuant to respondeat superior.

71. As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FCRA, FDCPA, and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorney's fees;

E.      Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. WHITNEY SEALS
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@plc-law.com


/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
jch@jchubbardlaw.com