# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KAORI SCHERER,** | ] |
| **Plaintiff,** | ] |
| v. | ] Case No.: 2:18-cv-00125-ACA |
| **CREDIT BUREAU SYSTEMS, INC., et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Credit Bureau Systems, Inc.'s ("CBS") motion to dismiss. (Doc. 34). Plaintiff Kaori Scherer brings this action under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and various state law theories. (Doc. 32). Ms. Scherer's claims arise out of CBS's alleged reporting of inaccurate information, related to her delinquent water and sewer services account with the Water Works Board of the City of Birmingham ("BWWB"). (*Id.* at 3–5). In its motion to dismiss, CBS argues that Counts I, II, III, IV, and VII of Ms. Sherer's amended complaint should be dismissed because they fail to state a claim under Rule 12(b)(6). (Doc. 34 at 1). The motion has been fully briefed and the issues are ripe for review. (Doc. 37; Doc. 39). For the reasons explained below, the court **WILL GRANT** the motion and **WILL DISMISS** Counts I, II, III, IV, and VII against CBS.

**I.      STANDARD OF REVIEW**

Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. A complaint need not contain detailed factual allegations, but a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)).

## II. BACKGROUND

The facts of this case are relatively simple. In the light most favorable to Ms. Sherer, they are as follows. In April 2014, Ms. Scherer was in the process of purchasing a home in Vestavia, Alabama. (Doc. 32 at 3). Ms. Scherer established a water and sewer services account with BWWB to inspect the property prior to closing. (*Id.*). This was Ms. Sherer's first and only account with BWWB as to this property. (*Id.*). Upon purchasing the home in June 2014, Ms. Scherer claims that she continued to pay her monthly bill as each invoice became due. (*Id.*). However, sometime after purchasing the home, Ms. Sherer's account was referred by BWWB to CBS for collection of an outstanding balance. (*Id.*).

In June 2016, CBS began collection activities against Ms. Sherer by reporting the debt to various credit bureaus, including Equifax and Experian Information Services, Inc. ("Experian"). (*Id.* at 3–4). Ms. Sherer maintains that BWWB incorrectly attributed the balance to her account because the account became delinquent in April 2014—two months before she purchased the property. (*Id.* at 2–3). Despite attempting to resolve the dispute with CBS, Equifax, and Experian, respectively, Ms. Sherer's efforts ultimately proved unsuccessful. (*Id.* at 3–5). On October 20, 2016, IberiaBank informed Ms. Sherer that the disputed debt remained on her credit file and negatively affected her ability to secure a favorable financing

offer. (*Id.* at 4–5). Ms. Sherer claims that as a result of CBS's wrongful conduct, "[she] suffered damage[s] including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment." (*Id.* at 10).

Unable to resolve the disputed debt, Ms. Scherer filed this action against Defendants CBS, Equifax, and BWWB on January 24, 2018. (Doc. 1 at 1–2). In the complaint, Ms. Sherer asserts state law claims including negligent, reckless, and wanton debt collection activities; and negligent, reckless, and wanton training and supervision. (Doc. 1 at 5–11). Ms. Sherer also presents claims for violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, and the FCRA, 15 U.S.C. §§ 1681 *et seq.* (Doc. 1 at 9–11). On August 22, 2018, Ms. Scherer amended the complaint to include additional facts with respect to the same allegations and claims in the initial complaint, but in all other respects the two are identical. (Doc. 1; Doc. 32).

## III. DISCUSSION

In its motion, CBS argues that Ms. Sherer's state law claims for negligent debt collection activities (Count I), reckless and wanton debt collection activities (Count II), negligent training and supervision (Count III), and reckless and wanton training and supervision (Count IV) are due to be dismissed because they are preempted by the FCRA (Count VII). (Doc. 34 at 6–11). Ms. Sherer agrees and "concedes to the

4

dismissal of her state law claims against Defendant CBS." (Doc. 37 at 2–3). Accordingly, the court finds that Ms. Sherer has abandoned these claims and **WILL DISMISS** Counts I–IV of the amended complaint against CBS.

CBS also argues that Ms. Sherer's claim for violations of the FDCPA (Count VII) should be dismissed as time-barred. (Doc. 34 at 5–6). The court agrees. Dismissal based on a statute of limitations defense "may be raised in a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P, 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint." *Foster v. Savannah Comm.*, 140 Fed. Appx. 905, 907 (11th Cir. 2005) (citing *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)). Under the FDCPA, Ms. Sherer's claim is subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d) (An action to enforce any liability under the FDCPA "may be brought . . . within one year from the date on which the violation occurs.").

Ms. Scherer alleges that her injury occurred sometime after the BWWB account became delinquent in April 2014. (Doc. 32 at 3–4). And she acknowledges that the limitations period ran on January 24, 2018. (Doc. 37 at 6–7). Therefore, the court finds that any claims arising from: (1) CBS's reporting of the alleged debt on Ms. Sherer's credit file with Equifax and Experian in June 2016 (doc. 32 at 3–4),

and (2) the resulting unfavorable financing offers she received after meeting with IberiaBank on October 20, 2016 (*id.* at 4–5), are time-barred from the face of the complaint.

Nonetheless, Ms. Sherer maintains that she "may still have a viable claim for those actions that take place inside of the statute of limitations period." (Doc. 37 at 7). Specifically, Ms. Sherer contends that after April 5, 2017, "CBS purportedly reinvestigated and verified the alleged debt." (*Id.* at 6–7). However, this allegation is not included in the amended complaint and the court will not consider these facts in ruling on the motion to dismiss. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Accordingly, the court **WILL GRANT** CBS's motion with respect to Count VII because Ms. Sherer has failed to allege a plausible claim against CBS under the FDCPA.

## IV.   CONCLUSION

Because Ms. Sherer abandons her state law claims against CBS and the alleged violations of the FDCPA are time-barred under the applicable one-year statute of limitations, the court **GRANTS** CBS's motion and **DISMISSES** Counts I, II, III, IV, and VII.

**DONE** and **ORDERED** this November 7, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE